UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-CV-119-KSF

THOMAS L. TILLMAN                                                                               PLAINTIFF

VS:                        **MEMORANDUM AND OPINION ORDER**

FRANKLIN PATRICK, ET AL.                                                                  DEFENDANTS

     Plaintiff Thomas L. Tillman is confined in the Fayette County Detention Center ("FCDC"), which is located Lexington, Kentucky. Plaintiff Tillman, proceeding *pro se*, has filed a civil rights action in which he asserts several claims under 42 U.S.C. § 1983. Tillman has also filed an "Application to Proceed *In Forma Pauperis*," [Record No.3], which has been addressed by separate Order.

     This matter is before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

     This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. § 1915(e)(2), a district court can dismiss a civil case at any time if it determines that the action is either frivolous or malicious, or if it fails to state a claim upon which relief can be granted.

NAMED DEFENDANTS

The named defendants are: (1) Franklin Patrick, whom the plaintiff identifies as a police officer with the Fayette County Police Department ("FCPD"); (2) Robert Walker, whom the plaintiff identifies as the "Second Shift Intake" Deputy Jailer at the FCDC; and (3) Chad Karsner, whom the plaintiff identifies as a police officer with the K-9 Unit of the FCPD.

CLAIMS AND RELIEF REQUESTED

Plaintiff Tillman alleges that the named defendants violated his rights under both the Fourth Amendment of the United States Constitution (which prohibits unreasonable searches and seizures) and the Fourteenth Amendment of the United States Constitution (which guarantees due process of law, as applicable to persons acting under color of state law).

Specifically, Tillman alleges that the defendants illegally searched and seized him, and subjected him to false imprisonment on several different occasions. He further claims that one of the defendants "bore false witness" against him. He seeks $57.3 million dollars in damages to compensate him, not only for the alleged constitutional violations committed against him, but also for the emotional distress which he states he has suffered because of the defendants' actions [*See* Complaint, Record No. 2, p.8].

ALLEGATIONS OF THE COMPLAINT
1. Claims Against Officer Franklin Patrick

The plaintiff alleges that Defendant Patrick illegally searched and seized him twice, the first time being in July of 2005. Tillman states that "the charges stemming from this incident were suppressed by Judge Mary Noble in the Fayette Circuit Court where the trial court

acknowledged the search and seizure." [Record No. 2, p.2]. Tillman does not state whether he was convicted of a crime as a result of the 2005 search to which he referred.

Tillman states that the second search and seizure by Defendant Patrick occurred a year later, on July 5, 2006. Tillman states as follows:

> Judge Pamela Goodwine acknowledged that Ofc. Patrick did indeed seize and search me and that the trial courts concern that the Ofc. had it out for me where [sic] legitimate. However, the suppression was overruled.

[*Id*.].

Again, Tillman does not state whether he was convicted of a crime as a result of the July 5, 2006 episode to which he referred.

## 2. Claims Against Jailer Robert Walker

While Tillman's explantion of the facts is not a model of clarity, he states that in October of 2007, some type of trial and/or suppression hearing ensued, perhaps as a result of the July 5, 2006 "search and seizure." Tillman makes the following claims against Deputy Jailer Robert Walker:

> During this suppression hearing the prosecution drafted a witness to give false testimony. This witness, Robert Walker, knowingly gave false testimony on October 16, 2007 and his statements were stricken from testimony due to contradictions of the Court's records by Judge Goodwine. Jailer Robert Walker knowingly gave false testimony to mislead a public official in the performance of her duties. Jailer Walker was also under investigation.

[*Id*., pp. 2-3].

## 3. Claims Against FCPD Office Chad Karsner

Tillman next alleges that on September 16, 2008, FCPD Officer Chad Karsner illegally seized and searched him. Tillman complained of numerous actions which Karsner allegedly took

3

on that date with respect to the search of a vehicle located in the parking lot of Tillman's place of employment.[1]

### 4. Request to Add Unidentified Prosecutor as Defendant

To the extent that Tillman alleges that deputy Jailer Robert Walker allegedly provided false information during the October 16, 2007 suppression hearing, Tillman states that he would like to add the unidentified prosecuting attorney as a defendant to this action "for drafting Jailer Walker to give false testimony for the purpose of misleading Judge Goodwine from performing her official duties correctly." [*Id.*, p.3].[2]

Tillman then seems to indicate that charges were filed against him, to the extent that he states in the conclusion of his complaint, that the prosecution has "no evidence to support the charges I am incarcerated for or any conviction between the car and myself." [*Id.*]. He stated that he has been held at the FCDC for the past six months. Again, Tillman does not clearly explain to this Court whether charges are merely pending against him at this time, or whether he was either convicted or acquitted of any type of criminal offense.

---

[1]

Tillman asserts the following specific allegations against FCPD Officer Karsner:

Ofc. Karsner was dispatched to my job on a hearsay call and improperly searched an unknown vehicle in a customer parking yielding contraband for which I was charged. The Ofc never made himself known or why he was there before he started searching. The Ofc also never asked my name for a name check or ran the plates of the vehicle. . . .

*Id.*

[2]

Tillman reiterated his desire to name the unidentified prosecutor in this case by again stating: " . . .pending information of the name of the prosecutor of this case, I would like to add her name to this lawsuit for vindictive prosecution."[*Id*].

DISCUSSION

Even in light of the incomplete information which Tillman provides in his § 1983 complaint, the Court can ascertain several reasons why the claims he has asserted must be dismissed. The Court will address each of these reasons.

1. Statute of Limitations

Tillman complains of two alleged search and seizure events at the hands of Defendant Franklin Patrick, which he alleges occurred in July of 2005 and July 2006. A cause of action "accrues" and the statute of limitations thereon begins to run when a plaintiff knows, or has reason to know through the exercise of reasonable diligence, of the injury that provides the basis for the claim. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) (courts look for the event that should alert a typical lay person to protect his or her rights).

Because Section 1983 does not provide its own statute of limitations, federal courts "borrow" the most analogous statute of limitations in the state where the events giving rise to the claim occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). Because the events complained of occurred in Kentucky, Kentucky law supplies the applicable statute. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).

In Kentucky, the applicable statute to be borrowed for civil rights claims is the one-year statute of limitations for residual tort claims found in KRS 413.140(1)(a). *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of Trustees v. Hayse*, Ky., 782 S.W.2d 609, 613 (1989). Tillman would have, therefore, been required to file

5

a complaint asserting his civil rights claims on or before **July 2006** (with respect to the alleged July 2005 incident) and on or before **July 6, 2007** (with respect to the July 6, 2006 alleged incident). As Tillman did not file his present complaint until April 8, 2009, the claims relating to the July 2005 and July 2006 events are barred by the statute of limitations and must be dismissed.

## 2. Abstention Doctrine

There is a second reason which requires dismissal. To the extent that Tillman complains about statements given by Defendant Robert Walker during an October 16, 2007 suppression hearing, and to the extent that Tillman complains about a September 16, 2008 search of a vehicle, which presumably has led to his arrest and incarceration, it appears that there are current state court charges pending against Plaintiff Tillman.

Assuming that there *are* state court criminal charges currently pending against the plaintiff, this Court would be required to abstain from interfering with such a state court criminal proceeding - - by way of a § 1983 action - - under the doctrine of abstention.

The abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, (1971) provides that when state proceedings are pending, principles of federalism dictate that the constitutional claims should be raised and decided in state court without interference by the federal courts. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17, 107 S.Ct. 1519 (1987); *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir.2001).

Three requirements must be met for *Younger* abstention to apply: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate important state interests;

6

and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir.1995); *Doscher v. Menifee Circuit Court*, 75 Fed. Appx. 996, 997 (6th Cir. 2003).

Assuming that there are criminal charges currently pending against the plaintiff in the Fayette Circuit Court (and the plaintiff provides no information to the contrary), all three criteria of the abstention doctrine would be satisfied. The Court will abstain from meddling in a state court criminal proceeding against the plaintiff. Abstention includes not only refusing to entertain § 1983 civil rights claims against Defendants Patrick, Walker and Karsner, but also denying Tillman's request to join an unidentified prosecutor as a fourth defendant.

### 3. Dismissal under *Heck v. Humphrey*

Third, it is possible that the other activity about which Tillman complains in this § 1983 action (with respect to the October 16, 2007 court testimony from Robert Walker and/or the September 16, 2008, vehicle-search by Defendant Karsner) resulted in a criminal conviction against him. If that is the case, yet another judicial doctrine would prevent the Court from entertaining a § 1983 civil rights action against the named defendants.

If a state court criminal conviction has in fact already occurred, the plaintiff would be attempting to use this civil proceeding, pursuant to 42 U.S.C. § 1983, in federal court to challenge the same convictions which a state court has held to be valid. This result cannot be achieved through a civil rights complaint. To the extent that the plaintiff may be seeking release from an illegal conviction and/or sentence, he essentially seeks a writ of habeas corpus and must

proceed according to habeas law. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Dixon v. Alexander*, 741 F.2d 121, 124-25 (6th Cir. 1984).

"When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). "Section 1983 should not be used to make an end run around habeas corpus procedures." *Foster v. Kassulke*, 898 F.2d 1144, 1148 (6th Cir. 1990).

Again, Tillman's complaint is not clear in all respects, but he may be seeking damages for a purportedly illegal conviction. He is advised that the Supreme Court of the United States has barred such relief via a Section 1983 proceeding until and unless the convictions have been invalidated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This has been called the "favorable termination rule."

Shortly after the Supreme Court's *Heck* decision came *Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995), a § 1983 action for damages for an illegal search of plaintiff's car which resulted in plaintiff's being charged with driving under the influence of drugs. The district court had declared it would dismiss without prejudice unless "plaintiff amends the complaint to allege that he suffered no criminal conviction as the result of the alleged illegal...search and seizure or that such conviction has been set aside...." *Id.* at 1083.

Because the plaintiff in *Schilling* could not get the conviction invalidated, his civil action was dismissed. More recently, *Heck*'s favorable termination rule was examined and held to bar an excessive force claim. *Ruiz v. Martin*, 72 Fed. Appx. 271 (6th Cir. 2003) (citing *Huey v. Stine*, 230 F.3d 226, 230-31 (6th Cir. 2000)).

Applying *Heck* and its progeny to this case and finding the rationale applicable herein for the same reasons, this Court finds that a judgment in favor of Plaintiff Tillman on his claims would necessarily imply that any presumed conviction is illegal. *See also Woods v. Ohio*, 2001 WL 493406 (6th Cir. 2001) (affirming district court's dismissal of complaint which failed to allege reversal of conviction without granting leave to amend).

## SUMMARY

First, the claims against Defendant Franklin Patrick stemming from the alleged searches of July of 2005 and July of 2006 appear to be time-barred. Second, if Plaintiff Tillman has *not been* convicted of a crime, and charges are only pending against him in Fayette Circuit, this Court would be required to abstain from entertaining a civil rights action against any of the

9

named defendants.[3] Third, if plaintiff Tillman *has been* convicted of a crime connected to the other events about which he complains here, any claim for damages would not yet be cognizable under 42 U.S.C. § 1983. Dismissal, without prejudice, would be required until a favorable judicial determination occurs.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) The Fourth Amendment claims asserted by Plaintiff Thomas L. Tillman, against Defendant Franklin Patrick, relating to alleged search and seizure events in July of 2005 and July 2006, are **DISMISSED WITH PREJUDICE**.

(2) The Fourth and/or Fourteenth Amendment claims asserted by Plaintiff Thomas L. Tillman relating the October 16, 2007 court testimony and/or the September 16, 2008, vehicle search, are **DISMISSED WITHOUT PREJUDICE**.

(3) This action is **DISMISSED** from the docket of the Court.

---

[3] Tillman is advised that any claims he wishes to assert against the unidentified prosecutor would, most likely, eventually fail on the merits. To the extent that a prosecutor acts within the scope of his (or in this case, "her") duties in pursuing "advocatory conduct" (initiating and pursuing a criminal prosecution, and presenting the Commonwealth of Kentucky's case at trial and on appeal), he enjoys prosecutorial immunity. *Imbler v. Patchman*, 424 U.S. 409 (1976); *See also Grant v. Hollenbach*, 870 F.2d 1135 (6th Cir. 1989) (prosecutors were absolutely immune from claim they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This 28th day of April, 2009.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge